IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**UNITED STATES OF AMERICA**

    Plaintiff,

v.

**RICHARD EUGENE BISWELL**

    Defendant.

**Case No. 1:00-CR-30042-MC**

OPINION AND ORDER

**MCSHANE, Judge**:

Defendant Richard Eugene Biswell moves for compassionate release based on emergency circumstances because of the COVID-19 pandemic. For the following reasons, Mr. Biswell's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(C)(1)(A)(i) (ECF No. 93, 98) is GRANTED.

## LEGAL STANDARD

Congress, through the First Step Act, amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to file a motion directly with the district court for compassionate relief after exhausting all administrative remedies. The Court may reduce a defendant's sentence if:

> (i) extraordinary and compelling reasons warrant such a reduction; or
> (ii) the defendant is at least 70 years of age, has served 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

1 – OPINION AND ORDER

The pertinent policy statement for sentence reductions related to medical ailments is found at U.S.S.G. § 1B1.13. "Circumstances that may present extraordinary and compelling reasons to reduce a defendant's sentence include a 'terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory)' or 'a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover.'" *United States v. Bunnell*, No. CR1400119001PHXDGC, 2019 WL 6114599, at *1 (D. Ariz. Nov. 18, 2019) (quoting U.S.S.G. § 1B1.13, Application Note 1). The Court also considers whether the defendant is still a danger to the community by consulting the factors listed at 18 U.S.C. § 3142(g). U.S.S.G. § 1B1.13(2).

The Court may thus reduce Mr. Biswell's sentence under the First Step Act if it determines the existence of extraordinary and compelling reasons and that Mr. Biswell is no longer a danger to the community. *Bunnell*, 2019 WL 6114599, at *1.

## DISCUSSION

The Court sentenced Mr. Biswell to a sentence of 60 months for possession with intent to distribute methamphetamine under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and a consecutive sentence of 24 months for a violation of supervised release. Gov.'s Resp. to Def.'s Mot. to Reduce Sentence 1, ECF No. 102. Mr. Biswell has served 49 months of his 84-month prison term, with an expected release date of June 30, 2022. Def.'s Mot. to Reduce Sentence 3, ECF No. 98.

At present, Mr. Biswell is 60 years old and suffers from multiple chronic health concerns, including hepatitis C, evidence of lung disease, depression, anxiety, a history of methamphetamine use, and he is overweight. Ex. A, ECF No. 101, at 1, 8. Mr. Biswell's health poses an increased concern because of the ongoing COVID-19 pandemic. Although data on COVID-19 is changing each day, it is unquestionable that individuals with underlying health conditions that Mr. Biswell

possesses have higher rates of severe illness and fatality. *People at Risk for Serious Illness from COVID-19*, CDC (June 25, 2020), https://www.cdc.gov/coronavirus/2019-ncov/specific-groups/people-at-higher-risk.html; Nora D. Volkow, *Collision of the COVID-19 and Addiction Epidemics*, ANNALS OF INTERNAL MEDICINE (Apr. 2, 2020), https://www.acpjournals.org/doi/full/10.7326?M20-1212 (finding that those with substance abuse disorder are particularly susceptible to infection from COVID-19).

Mr. Biswell has met the administrative exhaustion requirement, and his health conditions, in concert with the ongoing COVID-19 pandemic, qualify him for compassionate release. The only remaining question is whether Mr. Biswell presents a danger to the community.

When assessing whether a defendant remains a danger to the community, the Policy Statement from U.S.S.G. § 1B1.13 directs the Court to consult the factors listed in 18 U.S.C. § 3142(g), which includes: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including their physical and mental condition, past conduct, history relating to drug or alcohol abuse, criminal history; (4) and whether, at the time of the current offense, the person was on probation, on parole, or on other release pending completion of a sentence. *See United States v. Spears*, Case No. 98-cr-0208-SI-22, 2019 WL 5190877, at *5 (D. Or. Oct. 15, 2019). Mr. Biswell asserts that his clean disciplinary record during his current incarceration and his participation in rehabilitation and vocational programs show that he is no longer a danger to the community. Def.'s Mot. to Reduce Sentence 16–17.

The Court agrees. Mr. Biswell has shown good behavior during incarceration and, as discussed on the record, been an active participant in the Residential Drug Abuse Program and other vocational programs at FCI Oxford. Mr. Biswell's age also suggests that he is less likely to

recidivate. *See* Kim Steven & Billy Easley, *The Effects of Aging on Recidivism Among Federal Offenders*, U.S. SENTENCING COMM'N, at 3 (2017), https://www.ussc.gov/sites/default/files/pdf/research-andpublications/research-publications/2017/20171207_Recidivism-Age.pdf.; *see also United States v. Howard*, No. 12-20751, 2020 WL 4812717, at *2 (E.D. Mich. Aug. 19, 2020) (finding that defendant's age of 60 was "most probative" of his lack of dangerousness). While the Government urges the Court to focus on Mr. Biswell's criminal history, the Court instead agrees with Mr. Biswell that any danger he may pose to the community is properly mitigated by the Court's structured release plan.

## CONCLUSION

For these reasons, Mr. Biswell's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(C)(1)(A)(i) (ECF No. 93, 98) is GRANTED. Mr. Biswell sentence is reduced to time served, effective on September 25, 2020. Mr. Biswell is further ordered to serve a term of supervised release for five years, including placement at the Northwest Regional Re-entry Center for up to 120 days at the discretion of the U.S. Probation office. Mr. Biswell's previously imposed conditions of supervised release continue to apply. Mr. Biswell shall be released on September 25, 2020, for travel to the residential reentry center in Portland, Oregon, if the Bureau of Prisons determines that he is COVID-19 negative. If the Bureau of Prisons cannot make a determination by that date, the Government shall notify the Court without delay.

IT IS SO ORDERED.

DATED this 15th day of September, 2020.

        _s/Michael J. McShane_____
        Michael J. McShane
        United States District Judge